Stephenson, J.
 

 The salient facts in this case are not disputed, but there is a serious dispute as to the law applicable. We may say at the outset that the Bucsis are not entitled to. any consideration in so far as the Woodland avenue feature of the case is concerned. Whatever obstruction there was at Woodland avenue and East 86th street was temporary, and there is nothing in the record to show that the conditions there at the present time in any wise interfere with the access of the Bucsis to their property.
 

 There is no question that the physical facts herein make a clear
 
 cul de sac
 
 case. The Bucsis had but one street that afforded immediate access to their property, and that was Nevada avenue. _ They could travel east or west, as they saw fit, on Nevada avenue, and at the first square east they could travel north and south; likewise, to the first square west. If we let one hundred per cent equal their right of access to their property prior to the date of the vacation of Nevada avenue near East 89th street, then fifty per cent must represent it now. Prior to the date of this improve
 
 *140
 
 ment they could travel in two directions. Now they can travel in but one direction in order to get into communication with the street system of the city.
 

 So far as we have been able to learn, this court has at no time passed upon the exact question raised in this case. Thé property of the Bucsis did not abut on that part of Nevada avenue that was vacated. When Nevada avenue was vacated, the Bucsis were not given any additional means of access to their property.
 

 Plaintiffs in error claim that the case of
 
 Kinnear Mfg. Co.
 
 v.
 
 Beatty,
 
 65 Ohio St., 264, 62 N. E., 341, 87 Am. St. Rep., 600, is decisive of this case. We cannot concur in that view. The court in that case found as a matter of fact that Mrs. Beatty’s access to her lot, by reason of the vacation, was increased. She was given a new alley along the entire length of her premises, running north and south.
 

 The ease of
 
 Schimmelmann
 
 v.
 
 Lake Shore & Michigan Southern Ry. Co.,
 
 83 Ohio St., 356, 94 N. E., 840, 36 L. R. A. (N. S.), 1164, is no nearer in point than the
 
 Kinnear case.
 
 The Schimmelmann property abutted on that part of Dille avenue that was taken for subway purposes. From a purely physical standpoint, this statement may not be true; but as established in the case of
 
 City of Cincinnati
 
 v.
 
 Batsche,
 
 52 Ohio St., 324, 40 N. E., 21, 27 L. R. A., 536, the Schimmelmann property did abut, as a matter of law. The fourth proposition of the syllabus in the
 
 Batsche case
 
 reads as follows:
 

 “Where a strip of ground from one side of a street is appropriated for the purpose of widening such street, the lots and lands fronting on the opposite side of the street at the part widened, will be held to abut on the improvement, although the street may intervene between the abutting lots and lands and the strip of ground appropriated. ’ ’
 

 There is a small space of street between the iron
 
 *141
 
 fence that surrounds the subway and the Schimmelmann property, but it was absolutely valuless as an appurtenant to that property.
 

 Counsel on opposite sides in this case have followed two different lines of cases, and it remains for this court to determine which of these lines it will follow.
 

 It has been argued that to entertain cases of this character would result in a multiplicity of suits. That is probably true, and there is authority of law for such contention. But we must regard this as rather weak argument. If the rights of private property are invaded by one improvement, the mere fact that individual property owners must sue for themselves and thereby congest the dockets of the courts can create no defense. Suits in equity are sometimes entertained for the very reason that such entertainment avoids a multiplicity of suits. But such argument does not obtain where purely legal rights are being litigated.
 

 Much stronger argument lies in the fact that because of the very nature of the case the damages at best must be to a greater or lesser extent speculative.
 

 It is further argued that where the right of access to the property owners of a particular community is affected by one and the same improvement and the result of the improvement is to make such property owners travel farther to reach certain points, the fact that one has to travel the farthest does not make a cause of action, because his inconvenience is in no wise different from that of his neighbors except in degree. His case is a case of
 
 dmnvmm absque injuria.
 

 There is an immense array of cases in Ohio dealing with the rights of abutters on vacated streets, starting with the case of
 
 McCombs
 
 v.
 
 Town Council of Akron,
 
 15 Ohio, 474;
 
 Crawford
 
 v.
 
 Village of Delaware,
 
 7 Ohio St., 459, and
 
 Cincinnati & Spring Grove Ave. Street Ry. Co.
 
 v.
 
 Incorporated Village of Cumminsville,
 
 14 Ohio St., 523.
 

 • The principle of these cases, which have been fre
 
 *142
 
 quently followed, applies with like force where that portion of the street is obstructed or vacated that affords the only
 
 reasonable access
 
 to the property of the owner, although his property does not abut immediately upon the obstructed portion.
 

 It is readily seen that these words “reasonable access” are the generators of uncertainty and trouble.
 

 The case of
 
 McQuigg
 
 v.
 
 Cullins,
 
 56 Ohio St., 649, 47 N. E., 595, and the case of
 
 McCombs
 
 v.
 
 Town Council of Akron, supra,
 
 constituted the foundation stones upon which the case of
 
 Schimmelmann
 
 v.
 
 Lake Shore & Michigan Southern Ry. Co., supra,
 
 was determined. Likewise, the case of
 
 Cohen
 
 v.
 
 City of Cleveland,
 
 43 Ohio St., 190, 1 N. E., 589, was given a prominent place in the reasoning in the
 
 Schimmelmann case.
 

 In the dictum in the case of
 
 Kinnear Mfg. Co.
 
 v.
 
 Beatty, supra,
 
 Chief Justice Minshall used the following language, and cites the authorities hereinafter referred to:
 

 “Where his property is not in physical contact with the vacated portion of the street, and he has other reasonable means of access, the individual has no right of action by which he can enjoin the obstruction, or recover damages. The authorities are numerous in support of this proposition. Jones on Easements, Secs. 546 and 550,
 
 Smith
 
 v.
 
 Boston,
 
 7 Cush., 254 [61 Mass.];
 
 Littler
 
 v.
 
 City of Lincoln,
 
 106 Ill., 353;
 
 Kimball
 
 v.
 
 Homan,
 
 74 Mich., 699;
 
 Bailey
 
 v.
 
 Culver,
 
 84 Mo., 531;
 
 Jackson
 
 v.
 
 Jackson,
 
 16 Ohio St., 163; Elliott on Railroads, Sec. 1086;
 
 Buhl
 
 v.
 
 Depot Company,
 
 98 Mich., 596. The reason is thus stated by Chief Justice Shaw in
 
 Quincy Canal
 
 v.
 
 Newcome,
 
 7 Met., 276 [48 Mass.]: ‘Where one suffers in common with all the-public, although from his proximity to the obstructed way or otherwise from his more frequent occasion to use it, he may suffer in a greater degree than others, still, he cannot have an action, because it would cause
 
 *143
 
 such a multiplicity of suits as to he itself an intolerable evil.’ ”
 

 He further states that “The general principle is recognized in
 
 Jackson
 
 v.
 
 Jackson, supra,
 
 where it is said in the syllabus: ‘A claimant for damages in the alteration of a road is not entitled to recover where such alteration merely renders the road less convenient for travel,-without directly impairing his access to the road from the improvements on his land.’ ”
 

 The case of
 
 Hall
 
 v.
 
 Pittsburgh, C., C. & St. L. Ry. Co.,
 
 85 Ohio St., 148, 97 N. E., 381, is likewise cited. This case is of no assistance whatever, as Ludlow street was the only street that Hall could use in getting from his river front property into communication with the street system of the city of Cincinnati. He not only had no
 
 reasonable means
 
 of access when Ludlow street was vacated, but he had no access at all to his property except by way of the Ohio river.
 

 The Court of Appeals in its consideration of the case now before us followed the rule announced in
 
 Neudoefer Silcox Co.
 
 v.
 
 Marting Bros. Co.,
 
 17 Ohio App., 286, and refers to page 291 of the decision, where the following language is used:
 

 “Unembarrassed by clear precedent, we prefer the more liberal rule adopted by the courts of New Jersey, Illinois, Pennsylvania and other states that recognize that the interest that an abutting property owner has in the street along the entire block on which his property is located is substantially different in kind from the interest that others who own no property in that particular block have. The authorities pro and con are to be found in a note to
 
 City of Newark
 
 v.
 
 Hatt (79
 
 N. J. Law, 548) [77 A., 47], in 30 L.
 
 R.
 
 A. (N. S.), 637. We adopt as our own the view expressed by the New Jersey court, that while the owner enjoys with the public the right to pass over a street, he also has a ‘special right of access to his land from the next adjacent intersecting streets, over the highway on
 
 *144
 
 which it bounds, and that such right of access, in either direction the street allows, is a special advantage to the lands lying on it between any two intersecting streets. It is not a question whether the land adjoins the vacated portion or not, but rather will its value be impaired if deprived of one of the immediate means of access to it? We are of opinion that such right of access is of special advantage to all the land abutting a highway on a block between two streets, and that the vacation of a part of such street' diminishes the value of all the land between the next adjacent cross streets.’ ”
 

 This is undoubtedly sound law, but does it evidence the weight of authority?
 

 The dictum in most of the Ohio cases decided by this court indicates the rule that the court feels should be followed in a case where a non-abutter sues for damages to his property, alleged to have been caused by the vacation of the street upon which his property fronts.
 

 We find the following rule stated in-13 Ruling Case Law, Section 65:
 

 “To warrant a recovery in any case it must appear that the complaining party has suffered some special damage differing in kind and not merely in degree from that sustained by the general public. It is not enough that the vacation results merely in some inconvenience to his access, or compels a more circuitous route of access, or a diversion of travel in front of the premises, and a consequent diminution of value. If the vacation cuts off his only means of access to his property from the main public ways, then he is entitled to recover whether his property fronts upon the vacated portion of the way or not. On the other hand, it is very generally held that if his property does not abut on the vacated portion of the street and he is not deprived of the only reasonable means of access thereto, he is not entitled to compensation, at least unless he suffers
 
 *145
 

 some
 
 other special damage. Many courts, however, hold that he is entitled to compensation where all access from his property to the system of streets in one direction is cut off, so that his property is left at the end of a cul-de-sac; at least where the market value of the property is lessened thereby. In some jurisdictions the abutting owners are entitled to damages where the street in front of their premises is narrowed by a partial vacation, even where the portion vacated is on the opposite side of the street.”
 

 This rule seems to fit practically all the cases in a general way. Reference to the citations under this section, in our opinion, determines where the weight of authority lies.
 

 A collation of these authorities leads us to the conclusion that the greater weight of authority is to the effect that a property owner on a street, a portion of which other than the part on which he abuts, has no right of action for damages to his property when the street is vacated at one of its termini only, where by means of the other terminus he can get into direct communication with the general street system of the city.
 

 It is insisted that the railroad company and the city of-Cleveland entered into a subterfuge, conspiracy and collusion for the sole purpose of obtaining additional right of way for the railroad company.
 

 Suffice it to say that while in all probability Nevada avenue was vacated for the purpose of enlarging and extending the right of way of the railroad company, there is nothing in the record to bear out the claim that there was any subterfuge, conspiracy or collusion. From all that appears, everything was open and above board, and, in the absence of a showing that the city had a sinister motive in vacating Nevada avenue, we must assume that its motive Was righteous.
 

 We are fully aware that the rule adhered to by this court in this case may be harsh under certain circumstances, but any other rule would breed untold confu
 
 *146
 
 sion. If one non-abutter on a street that had been closed at one end could maintain an action for damages, then every other non-abutter would have the same right; and the rule of damages would be of such a speculative nature as to open a wide avenue for imposition.
 

 The time has come when Ohio must adopt one of the two rules. There is no middle ground. Either each and every non-abutter upon a vacated street must be given a right of action for damages, or such right must be denied all non-abutters. The term “nonabutter” as used herein is used in the sense that the property in question does not abut upon that part of the street that is vacated.
 

 The judgment of the Court of Appeals is reversed and final judgment rendered for plaintiffs in error.
 

 Judgment reversed and final judgment for plaintiffs in error.
 

 Weygandt, C. J., Allen, Jones, Matthias and Bevis, JJ., concur.