## PAYSEN v NEW YORK CENTRAL RD CO

Ohio Appeals, 6th Dist, Ottawa Co

Decided Oct 28, 1935

True, Crawford & True, Port Clinton, and Leslie E. Meyer, Port Clinton, for plaintiff in error.

Graves & Duff, Port Clinton, for defendant in error.

## OPINION

By OVERMYER, J.

The plaintiff in error, Andrew Paysen, was plaintiff below, and the defendant in error, The New York Central Railroad Company, was defendant, and the parties will be referred to here as plaintiff and the railroad.

The action is one for damages claimed to have been suffered by plaintiff to his residence property in Port Clinton, Ohio, by reason of the construction by the railroad of tracks on an embankment "in Jackson Street and in Second Street and the injuring of the property of the plaintiff by cutting off the right of the plaintiff to the circulation of air, the passage of light, and the unobstructed view through said Jackson Street to the south and through said Second Street to the west, and the destruction of the relative harmony of said street with the abutting lots on said streets and the interference with the ingress and egress from the property of the plaintiff by cutting off the access from the property of plaintiff to that part of Jackson Street lying south of said embankment, and adjoining territory, and from that part of Second Street lying west of said embankment, and or by the operation of said locomotives and cars of the defendant on said tracks and embankments and side track in said streets, which causes smoke, noises, sparks of fire, cinders, gases, dust, unwholesome odors and vibrations," whereby plaintiff claims his property was damaged in the sum of $2,500.

Issue was joined and the cause submitted to a jury, motions of the railroad for a directed verdict at the close of plaintiff's evidence and at the close of all the evidence having been overruled, and the result was a verdict for the railroad, upon which judgment was entered.

The petition in error sets forth many grounds of error relating to the admission and rejection of evidence, the giving and rejection of special requests to charge, the general charge of the court; and avers that the verdict is not sustained by the evidence, is against the weight of the evidence, and is contrary to law.

In the view we take of this case as disclosed by the evidence we do not deem it necessary to discuss these various grounds of error, and we will therefore set forth briefly the undisputed facts which in our opinion lead inevitably to the conclusion we have reached.

For more than eighty years this steam railroad, under various owners, was in operation in a generally easterly and westerly direction through the entire corporate limits of Port Clinton. The right of way excepting where it crossed streets, was a private one, and crossed most of the principal streets of the village at grade. At the time of the passage of the ordinance hereinafter referred to, this railroad was owned by The Lake Shore & Michigan Southern Railway Company, which, in 1913, was consolidated with The New York Central Railroad Company, the present owner.

For some years negotiations between the public officials of the village and the officials of the railroad had been carried on with a view to the elimination of grade crossings, and on June 18, 1912 the Council of the village of Port Clinton passed an ordinance, a copy of which is in evidence, by the terms of which the village vacated parts of streets and alleys in order to effect the elimination of grade crossings. The purpose clause of the ordinance is:

"An ordinance requiring The Lake Shore & Michigan Southern Railway Company to raise the grade of its tracks, change the grade of certain streets, eliminating grade crossings, fixing the terms and conditions upon which said railway shall cross certain streets and diverting and vacating parts of streets and alleys therein named." (This included parts of Jackson Street and Second Street).

Section 12 of the ordinance provides that it "shall take effect and be in force from and after the earliest period allowed by law, and that upon its written acceptance by The Lake Shore & Michigan Southern Railway Company, to be filed within thirty days after its final publication, with the Clerk of the village, said ordinance to constitute a contract between the village and the railroad company."

This acceptance was duly filed and the work was undertaken and was fully completed by 1928.

The plans provided for the deviation of the railroad at a point between Madison and Jefferson Streets, westerly from its former right of way, which curved northerly at that point, to a straight line westerly, which diversion brings the new line across Jackson Street, which it did not formerly cross, and across Second Street west of plaintiff's property instead of east of it. Plaintiff's property abuts on Second Street, an east and west street in front of his property, and on Jackson Street, a north and south street on the west side of his property. Prior to the improvement, the railroad passed to the east of his property, betweeen it and the business part of the village, and it now passes south and west of his property and between his property and the outskirts of the village.

Prior to the separation of grades, as provided for in the improvement, plaintiff's property was located four hundred and fifty feet westerly from the railroad, and now it is located about one hundred and sixty-six feet north of the new line of the railroad, where it crosses the vacated part of Jackson Street, and three hundred and sixty-six feet east of the new line, where it crosses the vacated part of Second Street. The old line of railroad was built on an embankment about five and one-half feet above the level of Second Street, and the new railroad tracks are on an embankment about eighteen feet high running across the ground which before its vacation by the village was a part of Jackson and Second Streets. When the tracks were removed from the old right of way, the embankment on which they had been laid was removed.

As above stated the ordinance referred to provided for the vacation of certain streets and alleys, including parts of Jackson Street and Second Street, and, with reference to Jackson Street, it provided as follows:

"There is good cause for the vacation of that portion of Jackson Street south of the south line of Second Street and the line extending diagonally across Jackson Street from the southeast corner of Lot 12, in Block 14, to the northwest corner of Lot 7 in Block 13."

The same was vacated. That is, that portion of Jackson Street was vacated which would coincide with the railroad's right of way on each side of such street. The portion of Second Street vacated is now also occupied by an embankment, and a new street has been provided and opened, paralleling the north line of the new right of way, to give access and outlet to plaintiff and others in that direction.

At the date of the passage of the ordinance vacating said streets and alleys, including Jackson Street and Second Street, the railroad owned all of the property on each side of Jackson Street and Second Street abutting on that part of the streets vacated.

The completed improvement consists of an earthen fill extending from the easterly corporation line of Port Clinton to the westerly corporation line, with underpasses at all streets except two, the two being Jackson Street and Second Street. On the streets not vacated, where underpasses are built, the tracks are carried over the streets by steel structures erected on steel and concrete supports, of a permanent character, and the ordinance referred to granted to the railroad the right to construct and perpetually maintain and operate a four-track railroad upon this line, and required the railroad to bear the entire expense of the change and improvement thus made. There can be no question that the proceedings between the village and the railroad, and the ordinance passed by the village and accepted by the railroad, with the agreement therein included, were had under §§8863 to 8894, GC, the "grade elimination" statutes, and not under §§8763, 8764, 8765 and 8766, GC, formerly §3283, Revised Statutes. The latter sections do not authorize a municipality to enter into an agreement with a railroad company for the permanent and exclusive occupancy of a public street, or part of it, but the former sections do authorize such an agreement for the purpose of eliminating grade crossings, and this was one of the declared purposes in the title and in the provisions of the ordinance here involved and the agreement entered into under it.

With the vacation of those parts of Jackson Street and Second Street upon which the improvement is in part constructed, the railroad, being then the owner of the lands abutting upon such vacated parts of said streets, became the owner of such vacated parts of said streets.

"Where a street or alley is vacated by a city, the vacated portion reverts to the abutting lot owners, subject, however, to such rights as other property owners on the street or alley may have therein, as a necessary means of access to their property." **Kinnear Mfg. Co. v Beatty, 65 Oh**

St, 264, 62 NE, 341. 87 Am. St. Rep., 600. See also Callen v Columbus Edison Electric Light Co., 66 Oh St, 166, 64 NE, 141, 58 L. R.A., 782; Hamilton, Glendale & Cincinnati Traction Co. v Parish, 67 Oh St, 181, 65 NE, 1011, 60 L.R.A., 531.

Therefore it follows that the railroad at the time this action is alleged to have accrued, and ever since, has been operating on its own private right of way through the entire village, excepting of course the streets where underpasses were constructed, and including ground which was formerly parts of Jackson and Second Streets. If the action were brought under §8763 et seq, GC, as claimed by plaintiff, and the parts of said streets had not been vacated, the plaintiff could only have recovered such special damage in kind and not in degree accruing to him different from that suffered by the general public for the operation of trains within the limits of Jackson Street and Second Street. Having been vacated and becoming the private property of the railroad, the railroad had a right to build its tracks on an embankment and operate its trains over it without becoming liable to the plaintiff for any damage, in the absence of unlawful, negligent or malicious conduct in the operation of its trains, and such conduct is not here claimed.

In respect to noises, dust, smoke, cinders and other discomforts from the ordinary use of the railroad by the company over its private right of way, the plaintiff has no more right to recover damages from the railroad than has any other citizen who resides, or may have occasion to pass, so near the streets and railroad in question as to be subjected to like discomforts. Parrot v Cincinnati, Hamilton & Dayton Rd. Co., 10 Oh St, 624; Cincinnati Connecting Belt Rd. Co. v Burski, 16 C.D., 489, 4 C.C. (N.S.), 98; Ross v Cincinnati, Lebanon & Northern Ry. Co., 17 C.D., 135, 5 C.C. (N. S.), 565; 13 Ruling Case Law, 73, §65; Beseman v Penn. Rd. Co., 50 N. J. L., 235, 13 A., 164; 46 Corpus Juris, 719, §255.

No evidence was offered to prove damages because of the construction or operation of the sidetrack, or switch referred to in the petition, nor because of obstructions of access to the system of streets in all directions from plaintiff's property, and the evidence discloses that plaintiff does have reasonable access to the system of streets of the village. He can go north and east as he could before. He can go west on Second Street over the new street opened when the improvement was made, and he can go south of the new right of way by going west on Second Street one block to Canal Street and then south through an underpass, or he can go east on Second Street one block to Market Street and then south through an underpass. See The New York, Chicago & St. Louis Rd. Co. v Bucsi, 128 Oh St, 134, 190 NE, 562, 93 A.L.R., 632.

Under the undisputed facts shown by the record the trial court should have sustained the motion of the railroad made at the close of the evidence, and should have directed a verdict for the railroad. The verdict having been for the railroad, and judgment having been entered thereon, that judgment will be affirmed.

Judgment affirmed.

LLOYD and CARPENTER, JJ, concur.