**WILLIAMS et v**
**CHESAPEAKE & OHIO RY CO et**

Ohio Appeals, 6th Dist, Wood Co

Decided June 8, 1936

Rhinefrank & Lindecker, Toledo, for appellants.

Floyd A. Collier, Prosecuting Attorney, Bowling Green, for the County Commissioners of Wood County, and Wilson & Rector, Columbus, and Harrington & Avery, Bowling Green, for The Chesapeake & Ohio Railroad Company, appellees.

## OPINION

By OVERMYER, J.

This suit was brought in the Common Pleas Court on April 14, 1936, by the appellants, of whom there are twenty-seven, to secure an injunction against the defendants, The Chesapeake & Ohio Railway Company and the Board of County Commissioners of Wood County, Ohio, restraining the defendants from vacating and closing that part of a road in the county known as Latcha road, also known as County Road No. 65-B, at the place where the road intersects the right of way of the defendant railway at grade in Lake Township, Wood County; and to enjoin the carrying out of a contract executed by and between the railway company and the board of commissioners on September 8, 1930, which provided, among other things, as a part of a general plan of grade crossing elimination for three roads in that vicinity the vacation of a part of Latcha road. An injunction is also asked to restrain the defendants from further prosecuting a certain suit now pending in this court involving the right of damages on the part of some of the plaintiffs herein in connection with the road vacation.

A general demurrer was filed to the petition in Common Pleas Court by both defendants and on hearing was sustained, a temporary injunction denied and the petition dismissed. Plaintiffs have appealed to this court, where the case has been submitted on oral arguments and briefs.

The sole question for consideration is whether the petition together with the exhibits attached states a cause of action against the defendants, and in determining this question we must be guided more especially by the exhibits attached to and incorporated in the petition than the language of the pleader. These exhibits are copies of two resolutions of the county commissioners, one adopted July 24, 1930, and one August 25, 1930, and of the contract referred to, executed on September 8, 1930, between the railroad company and

the board of county commissioners.

The petition with the exhibits make up some thirty-five pages of typewritten matter and cannot be set forth at length herein. In substance, it is alleged that all of the plaintiffs are the owners of real estate which either abuts or is closely adjacent to Latcha road; that all but seven of the plaintiffs herein are parties in the action now pending in this court involving the question of damages awarded them and above referred to; that all of the plaintiffs herein, except five, filed claims for damages and compensation with the board of commissioners about December 11, 1931, the time when the preliminary steps were being taken by the commissioners and the railroad to vacate a part of the road that the railroad appealed from the findings of the commissioners but only with respect to the awards of compensation and damages, which appeal was tried in Common Pleas Court and final judgments entered on January 4, 1935, these being the judgments now before this court on appeal as above referred to in the other case here pending and submitted to this court contemporaneously with the case at bar.

It is further alleged that Latcha road is located one mile south of the Cummings road, running parallel with it, and the Hump road, one mile north of the Cummings road and also parallel with both Latcha and Cummings roads; that on July 24, 1930, the board of commissioners passed resolutions of necessity for the public convenience and welfare, and determining to proceed with the grade elimination at Cummings road and the building of the connecting road; that none of the steps or proceedings were taken by the commissioners required by §§6862 to 6867, GC, at the time of and prior to the adoption of the resolution and that plaintiffs received no notice of the proposed action taken by the commissioners; that on August 25, 1930, the commissioners adopted another illegal and void resolution providing for the proposed vacation of Latcha road and providing for the execution of an alleged contract between the commissioners and the railroad to consummate a vacation of the road, which contract was executed on September 8, 1930, and that such contract undertook to join together four projects for public improvements, each project being a consideration for and dependent upon the other projects; that the defendants proceeded during the following fourteen months to carry out the details as set forth in the illegal contract as to all four proposed improvements, except the one vacating Latcha road.

It is further alleged that on November 19, 1931, the board of commissioners passed a resolution declaring that it would be for the public convenience and welfare to vacate a portion of Latcha road, as provided in §6862, GC; that on December 11, 1931, the commissioners pretended to hold a final hearing under §6866, GC, on the improvement and to hear testimony upon the necessity of the improvement for the public convenience and welfare; but that the final hearing was a sham formality and was un-lawful, unconstitutional and void for the reason that the board of commissioners had, in the resolutions of July 24, 1930, and August 25, 1930, and the contract of September 8, 1930, already determined the necessity of the vacation of the road and had unlawfully committed itself in advance as to what its decision thereon would be.

The petition then sets forth at length certain allegations with reference to the resolutions of the commissioners of July 24, 1930, and August 25, 1930, and the contract of September 8, 1930, which are attached to and incorporated in the petition as exhibits A, B, C and D, and alleges the four improvements contemplated and covered by the resolutions and contract were:

1. The erection of an overhead crossing at the Cummings road:

2. The vacation of the Crandall (or Hump) road;

3. The building of three and one-half miles of connecting roads on the east of the railroad right of way to connect the Latcha and Hump roads with the overhead on the Cummings road; and

4. The vacation of part of the Latcha road.

It is alleged that the entire proceedings on the part of the board of commissioners was in aid of the fraudulent and unlawful scheme of the railroad to acquire four miles of continuous railroad yards and terminals that would not be crossed by highways, and to trade and barter away the property rights and interests of plaintiffs and other property owners who resided on or near the Latcha road, and that the resolutions of July 24, 1930, and August 25, 1930 and the contract of September 8, 1930, were adopted by the commissioners in defiance of and against the written protest and objections of 105 property owners and citizens residing in the vicinity of the proposed project, the protests being particularly directed against the proposed vacation of the Latcha road,

and were on file in the office of the commissioners at the time.

It is alleged that none of those plaintiffs herein who had filed claims before the commissioners filed any appeal or notice of appeal from the orders and findings of the commissioners upon the question or issue of the public necessity for having the road vacated, and that those plaintiffs herein who became parties in the proceedings before the commissioners and on the appeals in Common Pleas Court and the Court of Appeals were drawn into the cause either involuntarily or as a result of misrepresentations made by the commissioners or on account of their ignorance of the law, and that most of them were not represented by legal counsel until too late to file appeals therein. It is alleged the plaintiffs have no adequate remedy at law and will suffer irreparable damage if Latcha road is vacated as proposed.

Plaintiffs summarize their claims in the brief as follows:

1. That the board of county commissioners had no lawful power or authority to enter into the contract with the defendant railway company to vacate Latcha road.

2. That the so-called proceedings which the board of county commissioners attempted to take on November 19, 1931, for the vacation of the Latcha road in pursuance of the execution of their unlawful contract with the defendant railway company were absolutely null and void and against public policy.

3. That the contract between the board and the railway company to construct the overhead bridge at Cummings road was made dependent upon the vacation of the Latcha road and was also for this reason illegal, unconstitutional, against public policy, and void.

4. That the acts and proceedings of the board of county commissioners invade the rights of the plaintiffs under the Constitution of the United States and result in the taking of plaintiffs' property without due process of law.

5. That the board of county commissioners in the exercise of the judicial functions under §6866 GC has no power to make a contract in advance of the trial for the exercise of its judicial manner and any judicial functions so exercised are against public policy and void.

In considering the entire proposition presented by the petition, and remembering what the objects and purposes of the railroad and commissioners were, it is of first importance to bear in mind that the pro-

ceedings involved herein were taken under statutes enacted for the very purpose of enabling railroad companies and public authorities to cooperate and act in unison in the matter of eliminating grade crossings and reducing the hazards to life and limb presented by present day congested highway traffic. This traffic brings its inconvenience and damage to practically every member of society in one way or another and presents problems which public authorities are everywhere trying to solve. The allegation that the whole scheme here involved was for the purpose of enabling the railroad to extend its switch yards and terminals is refuted by the terms of the resolutions and contract attached to the petition, for it is shown that the project, when completed, would eliminate three grade crossings, two of which already crossed a large number of tracks and the third, the Latcha road crossing, would also eventually be across a large number of tracks if the railroad extended its yards southerly, which it would have a right to do regardless of grade crossing elimination proceedings. The whole project, therefore, will be of mutual benefit, both to the railroad and to the public.

There can be no question that the entire project, the erection of the overhead at Cummings road, the opening of three and one-half miles of intersecting road, and the vacation of the Hump and Latcha crossings were all in contemplation at the time the resolutions were passed and the contract entered into. Means had to be provided to carry the traffic before the Hump and Latcha roads were closed and this was done by first erecting the overhead and opening the connecting road. In the resolutions and the contract, it was provided that it should be done that way and that at the proper time the commissioners would initiate proceedings to vacate the Latcha crossing. In considering the question of public convenience and necessity, the commissioners had ▇▇▇▇▇ ▇ a right to contemplate the entire project as it would be when completed, and to so consider and contemplate it does not constitute fraud or illegal collusion, or is it any evidence of bad faith as against the presumption that they acted in good faith.

The proceedings had by the commissioners and the railroad in July, August and September, 1930, were under authority of the grade crossing elimination statutes, §§8863 to 8866, GC, except that a formal contract such as was made September 8,

1930, is not mentioned in the statutes. However, §§8863 and 8866, GC, do contemplate "an agreement" effected by resolutions of the commissioners ■ defining the terms and conditions under which such grade crossing elimination is to be accomplished, and the acceptance of those terms and conditions by the railroad under §8866, GC. This has relation to the form and not the substance of the object to be accomplished.

The program here entered upon by which three crossings are to be eliminated by separating one and discontinuing two others by means of "building a new way in substitution therefor," could not be accomplished without some understanding in advance.

When that contract was made, both parties to it knew the vacation of highways at the Hump road and Latcha road crossings could be accomplished only by proceedings provided for in §§6860 et seq., GC. They knew the commissioners had and would be required to exercise some discretion in the course of these proceedings, and the contract of 1930 must be construed with that in mind and with that implied condition in it. Even if some property owner or owners who had the right to appeal from the commissioners' finding of necessity, as is discussed in **Board of Commissioners of Crawford County v Gibson, 110 Oh St 290, 144 NE 117,** had done so and on such appeal the judicial conclusion had been contrary to the finding of the commissioners, such would not have been in violation of the contract or impaired its effect as to other features.

The grade crossing elimination statutes, §8863 et seq., GC, and the vacation of highways statutes, §6860 et seq., ■ GC, are in pari materia, and must be construed and applied together to accomplish the purposes therein manifested by the Legislature.

If there was anything wrong with the action of the commissioners, or their exercise of their discretion in the road vacation proceedings in 1931, the aggrieved property owners could have appealed to the Probate Court and had a judicial determination of such findings with the right of review by the higher courts. That is where these plaintiffs should have sought redress for the alleged wrongs of which they complain here. Under Board of Commissioners of Crawford County v Gibson, supra, some of these plaintiffs might have had the right to appeal from the commissioners' findings of necessity who cannot, under the rule in **N. Y., C. & St. L. Rd. Co. v Bucsi, 128 Oh St 134, 190 NE 562, 93 A.L.R. 632,** now claim damages for such vacation. ■ At any rate, appeal was their legal remedy, and having failed to pursue it then, cannot now invoke the aid of equity.

We have examined the proceedings of the commissioners as shown by the resolution adopted by them and the contract entered into, in the light of the statutes under which they acted, and do not find that they exceeded the power and authority granted them by the statutes. The proceedings on the face appear regular, and the extraneous facts and circumstances refered to in the petition as a cause for the allowance of injunctive relief are not borne out by the resolutions and contract which are also a part of the petition, or by a consideration of the whole program as contemplated when such resolutions were adopted.

The statutes under which the commissioners acted, viz., §8863 et seq., GC, in the building of the overhead on Cummings road as a separate project, and §6860 et seq., GC, in the present project, give ample power to the commissioners to accomplish what, in their judgment in good faith, they find the public convenience and welfare necessitates in the matter of eliminating grade crossings within their jurisdiction.

So far as those five plaintiffs are concerned who did not file claims before the commissioners and who are now in court for the first time seeking to enjoin the proceedings, we are of the opinion they have slept on their rights. The first steps in this matter of grade crossing elimination on these roads were taken in 1930, six years ago; other than protesting, they stood by and watched the whole project go forward to completion except the last step, the closing of the Latcha road, and they are not now in position to seek the aid of a court of equity.

We find that the petition herein with the exhibits attached thereto does not set forth facts which entitle the plaintiffs to injunctive relief in a court of equity, and the judgment sustaining the demurrers of the defendants to the petition will be affirmed.

Judgment affirmed.

LLOYD and CARPENTER, JJ, concur.