## LOUISIANA HIGHWAY COMMISSION v. TREADWAY et al.

### No. 16558.

Court of Appeal of Louisiana. Orleans.

June 14, 1937.

For former opinion, see 173 So. 209.

Loys Charbonnet and James Wilkinson, both of New Orleans, for appellants.

A. S. Cain, Jr., of New Orleans, for appellee.

WESTERFIELD, Judge.

We granted a rehearing to seven of the defendants, namely, Maurice Barthelmy, C. Barthelmy, Lothrop Encalade, Ernest Encalade, Pierre Encalade, Orne St. Ann, and Norbert Thiel, limited to the question of quantum. We have thoroughly reconsidered the question and have reached the conclusion that the amount allowed in each case, which was approximately $35 per acre, being the value of the land as fixed by the jury, is correct. Four of the defendants, C. Barthelmy, Maurice Barthelmy, Norbert Thiel, and Pierre Encalade testified that their land was worth considerably more, but on cross-examination admitted that $35 per acre was a fair valuation of the land expropriated by the highway commission. Orne St. Ann thought his land to be worth $150 per acre and Lothrop Encalade, who testified for himself and on behalf of his brother Ernest, that $95 per acre should be the basis of the award.

In view of the fact that a majority of these seven defendants have admitted that the jury made a fair award, we do not feel justified in overriding their verdict by accepting either of the two larger amounts, which a minority of the defendants fixed. All of the lands, if not contiguous, are adjacent and are worth about the same amount. The jury of freeholders residing in the vicinity were in a much more advantageous position to determine the question of value than we can possibly be, consequently, we do not believe that we should disturb their award since it does not appear to be erroneous.

In the case of Orne St. Ann we are asked to add $235, the alleged value of 65 satsuma orange trees at $5 per tree. We gave our reasons for disallowing this claim in our original opinion, and it was not our intention to reopen that subject when granting the rehearing since we proposed only to reconsider the value of the land.

For the reasons assigned, our original decree is reinstated and made the final judgment of this court

Our original decree reinstated.