THE STATE, EX REL. LECHT ET AL., D. B. A. L. & M. FOOD CO., APPELLANTS, *v.* MASHETER, DIR. OF HIGHWAYS, APPELLEE.

(No. 69-5—Decided June 18, 1969.)

*Mr. Jack N. Turoff*, for appellants.

*Mr. Paul W. Brown*, attorney general, and *Mr. Joseph J. Poorman*, for appellee.

*Per Curiam.* Relators' subject property did not abut the vacated street, but the use of the alley has been impaired by the improvement made by the respondent. The doctrine of *damnum absque injuria* is applicable to non-abutting owners whose convenience of access has been adversely affected by remote improvements, but to whom access to the city street system still remains. *New York, Chicago & St. Louis Rd. Co.* v. *Bucsi*, 128 Ohio St. 134; *New Way Family Laundry, Inc.,* v. *Toledo*, 171 Ohio St. 242.

Relators' damage differs in degree, not in kind, from that of the general public.

The petition fails to set forth facts which, if proven, would establish a clear legal right to the relief prayed for, and is, therefore, subject to demurrer.

*Judgment affirmed.*

TAFT, C. J., GRAY, MATTHIAS, O'NEILL, SCHNEIDER, HESS and DUNCAN, JJ., concur.

GRAY, J., of the Fourth Appellate District, sitting for ZIMMERMAN, J. Because of the inability, "by reason of illness," of JUSTICE CHARLES B. ZIMMERMAN "to hear, consider and decide" this cause, JUDGE GRAY of the Court of Appeals was, pursuant to Section 2 of Article IV of the Constitution of Ohio, duly directed by the Chief Justice "to sit with the justices of the Supreme Court in the place and stead of" JUSTICE ZIMMERMAN, and JUDGE GRAY did so and heard and considered this cause prior to the decease of JUSTICE ZIMMERMAN on June 5, 1969.

HESS, J., of the First Appellate District, sitting for HERBERT, J.