## HUGH SEARCY, Appellant, v. NOLL WELTY LUMBER COMPANY.

Division One, July 27, 1922.

1. **NEGLIGENCE: Obstructing Street: Delivery of Coal: Injury to Traveler in Automobile.** On a September morning the owner of premises abutting on a public street ordered five tons of coal from defendant, engaged in the selling of coal at retail, who delivered it, as directed by the owner, at a place near the curb in front of the premises, the last load being delivered about 2:30 in the afternoon. About 8:30 in the evening the truck in which plaintiff was riding struck the pile of coal, and he was thrown from

Searcy v. Noll Welty Lumber Co.

it and injured.  The truck at the time was coasting down hill, the power being shut off, and thus the headlights were so dim that they threw little or no light upon objects ahead.  No barriers were placed about the coal, no warning lights were displayed, and on account of shade trees rays from the street lights did not reach it.  The city ordinance required "every person" who left any part of a street obstructed with rubbish, building or other material during the night time to "cause the same to be inclosed with good, substantial and sufficient barriers not less than three feet high" and to securely and conspicuously post one red light near such obstruction.  The coal was not negligently piled, nor did it occupy an unreasonable portion of the street.  *Held,* that plaintiff has no cause of action for negligence against the defendant dealer, either at common law or under the statute on account of said obstruction.

2. ———: ———: ———: ———: **Easement Right of Access: Reasonable Use.**  The owner of property abutting on a public street has the right growing out of his easement of access, which is separate and distinct from the easement of the public, to use a reasonable portion of the street next to his premises as a place of delivery of coal for use in his residence, and a temporary and reasonably necessary obstruction of the street for that purpose is not negligence on his part; and as he has such right, a dealer who hauls the coal has the right, at his direction, to deliver it at such place, and in doing so violates no duty he owes the public, if he does not negligently pile it.

3. ———: ———: ———: ———: **Violation of Ordinance: Uninclosed: No Warning Lights: Duty of Owner.**  Notwithstanding the owner of premises abutting on a public street has an easement of access which gives him the right to occupy temporarily a reasonable portion of it when necessary, the city may impose reasonable conditions upon such use, such as an ordinance requirement that building material or other obstruction left in the street during the night time shall be inclosed with barriers and have warning lights posted near it.  But when a retail dealer in coal, at the owner's direction, delivered five tons of coal in one day at a place near the curb in the street in front of the owner's premises, and finished the delivery at 2:30 in the afternoon, it was not his duty, upon the approach of night, to erect barriers or display lights, but he thereafter had the right to assume that the owner would either remove it before night or safe-guard the public by complying with the ordinance, and he is not liable for negligence to a traveler in a truck which, after nightfall, ran against the coal, whereby he was thrown out and injured; but the delivery

being complete, and title and dominion having passed from him to the owner, such owner was alone responsible for the conditions in which the coal remained in the street.

Appeal from Jackson Circuit Court.—*Hon. Willard P. Hall,* Judge.

AFFIRMED.

*E. C. Hamilton* for appellant.

(1) The court erred in giving the one and only instruction in the nature of a demurrer to the evidence requiring the jury to return a verdict in favor of the defendant. (a) The act of the defendant Lumber Company in placing an obstruction, in the nature of a pile of coal, in a public street, and leaving the same there after dark in violation of the ordinance requiring warning, lights and barriers, was a negligent act, for the consequences of which it could not defend by claiming that the duty to remove said obstruction had been delegated to a third person. Cedarland v. Thompson, 200 Mo. App. 618, 624; Daneschocky v. Sieben, 195 Mo. App. 473; Brady v. Public Service Ry. Co., 79 Atl. (N. J.) 288. (b) Where defendant's negligence, and but for which the accident would not have occurred, combined with some other cause or causes, has occasioned an injury, the defendant is still liable, unless such other cause or causes were under the control of the plaintiff in the action, or are the outgrowth of his own conduct. Buckner v. Horse & Mule Co., 221 Mo. 700, 711; Harrison v. Electric Light Co., 195 Mo. 625; Newcomb v. Ry. Co., 169 Mo. 409, 426. (c) Proof of the ordinance requiring those who place obstructions upon the street to place about them warning, lights and barricades, and of failure to conform thereto, made out a prima-facie case. Schlinki v. St. Joseph, 170 Mo. App. 380, 388; Ryan v. Kansas City, 232 Mo. 471, 485; Merritt v. Telephone Co., 215 Mo. 299, 310.

*Marley & Reed* for respondent.

(1)   Bowen had the right to use the street as a place
of delivery of the coal.   Gerdes v. Iron & Foundry Co.,
124 Mo. 354;   Hesselbach v. St. Louis, 179 Mo. 523; Press
v. Penny and Gentles, 242 Mo. 103.   (2)   The delivery of
the coal at the place shown by the evidence, as requested
by Bowen, and the taking of his receipt therefor, as shown
by the evidence, constituted a delivery of the ownership
and control of the coal from the respondent to Bowen.
Poplin v. Brown, 205 S. W. 414;   Boyer v. Lumber Co.,
174 S. W. 114; Kendall Boot & Shoe Co. v. Bain, 46 Mo.
App. 594;   Saxon v. Transfer Co., 145 Mo. App. 693.   (3)
The respondent's leaving the coal at the place designated
by Bowen, was not the proximate cause of the injury sus-
tained by the appellant and that the appellant's injury
is the result of two intervening agencies: First, that in
Bowen failing either to take the coal out of the street
before dark or failing to put a light on the coal pile as a
warning when he failed to remove the coal from the street
or, second, the negligent act of the driver Welch in
coasting down grade at a speed of twelve to fifteen miles
per hour on the wrong side of the street with no lights
throwing rays in front of his car so that he could see the
coal pile in time to stop when he admitted that he could
have stopped the car within ten feet.   Solomon v. Dun-
can, 194 Mo. App. 517.

RAGLAND, C.—Action for personal injuries.   On
September 22, 1917, plaintiff, while riding in an auto-
mobile truck along one of the public thoroughfares of
Kansas City, was thrown from the vehicle and injured by
its running against a pile of coal.   It was after dark,
about 8:30 p. m., when the accident occurred.   The truck
was at the time coasting down hill, with the power shut
off, causing the headlights to be so dim that they threw
but little if any light on objects ahead.   The coal was
piled in the street along the curb adjacent to the premises

of one Bowen. No barriers were placed about it; on account of shade trees rays from the street lights did not reach it; and no warning lights were displayed.

The coal belonged to Bowen, but it had been deposited in the street by defendant. On the morning of the day on which the accident occurred Bowen gave defendant, which was engaged in selling coal at retail, an order for five tons. Two loads of 5,000 pounds each were hauled to Bowen's residence during the day, the last one reaching there about 2:30 in the afternoon. The first load was deposited in the street at the place heretofore indicated, under Bowen's direction, and the second was piled on top of the first under his further direction. Upon the delivery of each load, in the manner just stated, he gave defendant's driver a receipt therefor. An ordinance of Kansas City provided: "Every person who shall . . . leave any part (of any street) obstructed with rubbish, building or other material during the night time, shall cause the same to be enclosed with good, substantial and sufficient barriers not less than three feet high, and shall cause one red light to be securely and conspicuously posted in or near such . . . obstruction."

The petition counted on both common-law negligence and a violation of the ordinance. The gist of the first was: the placing of the pile of coal in the street and allowing it to remain there after dark without having erected barriers and posted warning signals. The ordinance violation alleged was merely the leaving of the obstruction in the street during the nighttime without having erected barriers and displayed the prescribed signal.

The answer tendered the general issue and that of contributory negligence.

There was a directed verdict for defendant. From the judgment rendered thereon plaintiff appeals.

I. The claimed negligence on which appellant predicates a right of recovery was the placing of the pile of

coal in the highway and leaving it there after dark un-
guarded and without warning. lights.
**Common-Law
Negligence: Ease-
ment of Access.** Defendant's liability depends upon its
connection with these two distinct acts,
the one of omission and the other of com-
mission, and the legal consequences flowing from such
connection. With respect to the first there can be no
doubt but that Bowen had the right to use the street as
a place of delivery of the coal. This right grew out of
the easement of access which he enjoyed as an abutting
proprietor, and which was separate and distinct from that
of the public. [Press v. Penny & Gentles, 242 Mo. 98,
103.] The general doctrine is aptly expressed in the fol-
lowing passage from Judge Dillon's work which has been
frequently quoted with approval:

"It is not every obstruction, irrespective, of its
character or purpose, that is illegal, even although not
sanctioned by any express legislative or municipal au-
thority. On the contrary, the right of the public to the
free and unobstructed use of a street or way is subject
to reasonable and necessary limitations and restrictions.
The carriage and delivery of fuel, grain, goods, etc., are
legitimate uses of a street, and may result in a temporary
obstruction to the right of public transit. . . . Tem-
porary obstructions of this kind are not invasions of the
public easement, but simply incident to or limitations of
it. They can be justified when, and only so long as they
are, reasonably necessary. There need be no absolute
necessity; it suffices that the necessity is a reasonable
one." [2 Dillon on Munic. Corp. (4 Ed.) sec. 730.] In
an early Pennsylvania case it was said:

"Necessity justifies actions, which would otherwise
be nuisances. This necessity need not be absolute; it is
enough if it be reasonable. No man has a right to throw
wood or stones into the street at pleasure. But inasmuch
as fuel is necessary, a man may throw wood into the
street for the purpose of having it carried to his house,
and it may lie there a reasonable time. So, because

295 Mo.—13

building is necessary, stones, brick, lime, sand and other materials may be placed in the street, provided it be done in the most convenient maner, and be not unreasonably prolonged.'' [Commonwealth v. Passmore, 1 Serg. & R. 217.]

If Bowen had the right to have the coal delivered to him in the street it follows as of course that defendant had the right to make the delivery there, and in so doing violated no duty it owed the public. There is no contention that the coal was negligently piled or that it occupied an unreasonable portion of the street.

II. Notwithstanding the right of an abutting proprietor to temporarily occupy a portion of the street when necessary, municipal authorities may impose reasonable conditions upon such use. [Stephens v. Macon, 83 Mo. 345.] In conformity with such authority Kansas City by ordinance required that building or other material, left in the street during the nighttime, should be inclosed with barriers and should have warning lights posted near it. Was it the duty of defendant when it deposited the coal in the street, or subsequently, to have erected the barriers and posted the lights which the ordinance required if it was to be left there during the night? When Bowen requested defendant to unload the coal in the street the latter had no reason to anticipate that the former would leave the coal there until after dark, or if he did so, that he would fail to safe-guard the public against the danger arising from the obstruction caused thereby. On the contrary, defendant had the right to assume that Bowen would fully discharge his duty in the premises. Nor was it incumbent upon defendant after the delivery of the coal, upon the approach of darkness, to go and see whether Bowen had removed it from the street, and if not, whether he had erected barriers and posted lights. The delivery completed the sale. Thereupon title and dominion passed from defend-

*Violation of Ordinance: Complete Delivery.*

ant to Bowen. The property was then Bowen's. It was in his possession and custody, and he alone was responsible for its remaining in the street, and for the conditions under which it remained there.

It seems entirely clear, that defendant by depositing the coal in the street at Bowen's direction, even though it did not place barriers around it and post lights near it, did not breach any legal duty it owed plaintiff or other possible users of the highway; that leaving the coal in the street after dark unguarded was the proximate cause of plaintiff's injury, and for that defendant was in no way responsible. [Saxon v. Transfer Co., 145 Mo. App. 693.]

The judgment of the trial court is affirmed. *Small, C.,* concurs; *Brown, C.,* absent.

PER CURIAM.—The foregoing opinion by RAG-LAND, C., is hereby adopted as the opinion of the court. All of the judges concur.