Bettman, J.
 

 The appellants recognize the applicability to the facts here involved and the controlling force of the decision of this court in
 
 N. Y., C. & St. L. Rd. Co.
 
 v.
 
 Bucsi,
 
 128 Ohio St., 134, 190 N. E., 562, 93 A. L. R., 632. By that decision this court held that although as a result of a grade crossing elimination or street improvement a claimant’s property was left in a
 
 cul-de-sac,
 
 nevertheless if reasonable access to the general street system of the city was preserved, no legal damage resulted to the claimant. The appellants here do not contend that their access northward along High street to North street, and thence to the general street system of Bellevue, was not reasonable access even though their vehicular, but not pedestrian, access southward along High street was cut off by the
 
 cul-de-sac.
 
 The appellants are relying in this case upon a contractual obligation claimed to arise out of the four-party agreement of the city of Bellevue, the state, and the two railroads involved. By the terms of this agreement the city promised to bear the initial cost
 
 *284
 
 of “all damages to owners of abutting property or other property on account of the improvement.” Therefore the question here turns upon the interpretation of this agreement.
 

 In order to benefit from this agreement, the appellants must show their claims are included within the words,
 
 “damages to owners of
 
 abutting property or
 
 other property '*
 
 * (Italics ours.) Do these words refer only to damages recoverable at law — in which case the agreement would be of no aid to the appellants who suffered no legally recoverable damage— or do they include in addition all claims of all owners whose property was adversely affected in any manner by the improvement1?
 

 The term “damages,” being used in a document affecting legal rights, must be presumed to have been used in its primary sense, to wit, as loss for which the law provides a remedy. Further, the makers of this four-party agreement were contracting not to create new liabilities nor to increase the cost of their joint project, but rather to divide the cost among themselves. Therefore, it is not to be presumed that the words they used were intended to enlarge their obligations to property owners. The property, owners were not parties to the contract and are not in a position to urge that the words of the'agreement were used, at their insistence, to confer upon them a benefit beyond their legal rights. And finally, there appears in the entire agreement no word or phrase which shows an intention to broaden liability or to include in the cost of the project, the payment of claims for which there was no recovery at law.
 

 But, it is argued, the words, “to * * * other property” in the clause “damages to owners of abutting property or other property” would have no meaning unless they enlarged liability to include claims such as are here asserted of non-abutting property owners. In answer to this contention it should be pointed out that
 
 *285
 
 the
 
 Bucsi case
 
 recognizes that a non-abutting property owner
 
 may
 
 suffer compensable legal injury,
 
 if,
 
 because of an improvement, he is deprived of reasonable access to his property. Thus, although the interpretation of the word ‘ ‘ damages ’ ’ in the contract be confined to its primary meaning, to wit, damages recoverable at law, the words
 
 “to
 
 * * * other property” do have a consistent and significant meaning in the contract.
 

 It is accordingly concluded that the courts below were correct in holding that neither under the principle of the
 
 Bucsi case
 
 nor by the terms of the agreement could the appellants recover.
 

 Judgment affirmed.
 

 Weygandt, C. J., Turner, Hart and Zimmerman, •JJ., concur.
 

 Williams, J., dissents.
 

 Matthias, J., not participating.